IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| KYM HUMPHREY,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN GOOTKIN, et al.<br><br>Defendants. | Cause No. CV 09-00092-BU-SEH-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

This matter is pending on Plaintiff Kym Humphrey's Amended Complaint. (C.D. 14). This action presents a controversy over whether the Defendants, acting under color of state law, violated Ms. Humphrey's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983. Jurisdiction lies under 28 U.S.C. § 1331.

On January 12, 2010, this Court conducted an initial prescreening of Ms. Humphrey's case pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Ms. Humphrey's Complaint contained defects and she filed an Amended Complaint on July 14, 2010 after receiving two extensions. (C.D. 9,11,14) The Court will now complete the prescreening process required by 28

U.S.C. § 1915 and 28 U.S.C. § 1915A.

## I. NAMED DEFENDANTS

In her original Complaint, Ms. Humphrey named Spectrum Medical, Gallatin County Jail, Sheriff Jim Cashill, Sheriff's Department, Detention Officers, Brian Gootkin, and Jane and John Doe Nurses of Spectrum Medical as Defendants.

In her Amended Complaint, Ms. Humphrey names Brian Gootkin, Jail Administrator of the Gallatin County Detention Center; Sergeant Lower, Officer Ellis, Officer Slingstead, Officer Vecca, Sergeant Schumacher, Officer Wolf, Officer Kohler, Medical provider Joyce, Officer Adams, and Officer Taylor.

Defendants Spectrum Medical, Gallatin County Jail, Sheriff Jim Cashill, Sheriff's Department and Jane and John Doe Nurses of Spectrum Medical were not named in the Amended Complaint and should be dismissed.

## II. PRESCREENING ANALYSIS

Ms. Humphrey raised the same six claims that were raised in her original complaint: (1) right to privacy; (2) conditions of confinement; (3)

denial of medical care; (4) communication and fees; (5) harassment; and (6) denial of access to legal materials.

### A. Right to Privacy

Ms. Humphrey alleges between October 14 and 16, 2009, she was placed in a holding cell by the main jail entrance so every new prisoner, all law enforcement officers, and all probation and parole officers could see in her cell. She contends she had no privacy to use the bathroom. She contends all detention officers and medical personnel are responsible. She states she asked Officer Vecca to be housed elsewhere and he said no. Officer Young said he would check into it and the "nurse" Joyce forgot. (C D. 14, p. 6).

Ms. Humphrey has merely restated and provided less factual details than what she alleged in her original complaint. In its prior Order, the Court found Ms. Humphrey failed to allege enough details about why, how long, and at whose directions she was placed in the holding cell and the privacy implications thereof in order to state a claim. Ms. Humphrey was only held in this cell for two days. Based upon the scant facts provided in the Amended Complaint, two days in a holding cell by the main jail

entrance does not constitute a Fourth Amendment privacy violation. This claim will be recommended for dismissal. *See Michenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988); *Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir. 1985); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982); *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254 (1987).

### B. Conditions of Confinement

Next, Ms. Humphrey alleges that between October 14 to October 16, 2009, she was left in a holding cell with no shower, toothbrush, or cup. She contends she was only allowed one Kotex pad after giving birth on October 10, 2009. She states she was given no sheet to sleep on, no cleaning supplies, she had no heat, and there were bright lights on for 24 hours a day. She also contends it was extremely noisy. (C.D. 14, p.8)

In general population she complains inmates were forced to place used Kotex pads and full UA cups out the food trap and then were not allowed to clean the food trap before medications were served through the same area. She states when one cell flushes the toilet it comes up in the next cell's toilet and the sewer smells excessively. (C.D.14, p.8-9)

She contends all detention officers named in the complaint are

responsible. She states she grieved this issue to Brian Gootkin in 2005, Sergeant Lower told her to pour mop water down the drain, and she told Sergeant Miller, Young, and numerous others about the smell. (C.D. 14, p.9)

The Court acknowledged in its prior Order that Ms. Humphrey's allegations that she was denied a shower, a towel, toothpaste, toilet paper, toiletries, and subjected to sewer smells and backup may be sufficient to state a claim. But Ms. Humphrey was told her allegations lacked enough specifics to be able to tell. *See Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *DeSpain v. Uphoff,* 264 F.3d 965, 974 (10th Cir. 2001); *Gates v. Collier*, 501 F.2d 1291 (5th Cir. 1974); *McCray v. Burrell,* 516 F.2d 357, 366-69 (4th Cir. 1975), *cert. denied,* 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976); *cf. Anderson v. County of Kern,* 45 F.3d 1310, 1314 (9th Cir.), *amended,* 75 F.3d 448 (9th Cir.), *cert. denied,* 516 U.S. 916, 116 S.Ct. 306, 133 L.Ed.2d 210 (1995).

Ms. Humphrey provides no further details in her Amended Complaint than in her original Complaint. She merely restates the allegations. Moreover, she does not identify a particular defendant

allegedly responsible for any of her complaints regarding the holding cell. Filing a grievance regarding the smell in general population in 2005 is insufficient to hold Mr. Gootkin responsible for incidents which occurred four years later. Finally, her complaint to officers about the smell in her cell is insufficient to state a claim against those officers for the variety of actions raised in this claim. Ms. Humphrey has failed to set forth sufficient factual information regarding her claims and she has failed to identify how each defendant is specifically responsible. As such, her claims should be dismissed.

### C. Denial of Medical Care

Ms. Humphrey's Amended Complaint alleges she was denied prescription medications between October 14 and 31, 2009, which she was given when she was released from the hospital after having an emergency C-section on October 10, 2009. She states Defendant Joyce told her she could not have her medications because they were against the jail's policy. She states instead she was given two 400 mg Ibuprofen two times a day. She states as a result she had extreme pain and discomfort in her lower abdomen for three weeks. (C.D. 14, pp. 11-12)

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Here, Ms. Humphrey admits Defendants did not ignore her medical needs because they provided her with over the counter pain medications on a daily basis. While she may have preferred the prescription medications, she has only alleged a difference of medical opinion, which is insufficient to state a claim of denial of medical care. Mere differences of opinion between a prisoner and medical staff as to appropriate medical care do not give rise to a § 1983 claim. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Accordingly, this claim will be recommended for dismissal.

### D. Communications and Fees

Ms. Humphrey alleges the only way to receive money is through a kiosk machine which takes a fee of $2.95 on a $100 deposit. She states she could buy a phone card for $10.00 yet every phone call made was charged a $0.33 fee regardless of a connection or not. She contends if money is lost on the phone system, there is no refund and when you leave the facility

you do not get the money left on the phone card. She contends all Gallatin County Detention officers are responsible as well as the Intellemate phone system. (C.D. 14, p.3)

As set forth in the Court's prior Order, "[a]lthough prisoners have a First Amendment right to telephone access, this right is subject to reasonable limitations arising from the legitimate penological and administrative interests of the prison system." *Johnson v. State of California*, 207 F.3d 650, 656 (9th Cir. 2000). There is no allegation Ms. Humphrey was completely denied telephone access; rather her complaint is she had to pay for phone access. As such, her claims fail to state a claim upon which relief may be granted.

Inmates have no constitutionally protected interest in maintaining an inmate account or in purchasing phone cards. Similarly, Ms. Humphrey has no constitutionally protected right to not pay all taxes and fees associated with those services. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully

committed.") Ms. Humphrey does not allege she could not use the phone or make money deposits because of the fees assessed. Ms. Humphrey's allegations fail to state a claim upon which relief may be granted and should be dismissed.

### E. Harassment

Ms. Humphrey contends when she requested a grievance form she was yelled at and told she could be moved to the hole. She also alleges she was denied access to the inmate handbook. (C.D. 14, p.15) As set forth in the Court's prior Order, verbal harassment or verbal abuse by prison officials generally does not constitute a violation of the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983).

Ms. Humphrey's verbal harassment and denial of grievance claims should be dismissed for failing to state a claim upon which § 1983 relief

can be granted.

### F. Access to Legal Materials

Lastly Ms. Humphrey alleges she asked to use the MCA book and was repeatedly told no. (C.D.14, p.19) As set forth in the Court's prior Order, to have standing essential to assert a denial of access to the courts claim, an inmate must show "actual injury." The inmate must allege specific facts to demonstrate that official acts or omissions "hindered his efforts to pursue a [non-frivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 352 (1996). As in her original Complaint, Ms. Humphrey did not allege she was hindered in her efforts to pursue her legal claims. This claim will be recommended for dismissal.

In her original complaint Ms. Humphrey alleged she was not allowed to talk to her attorney without being recorded. (C.D.2, p.3) Ms. Humphrey did not raise this claim in her amended complaint and therefore it will also be recommended for dismissal.

## III. CONCLUSION

### A.   Leave to Amend

Ms. Humphrey has failed to state a claim upon which relief may be

granted. Ms. Humphrey was given specific information on the defects contained within her original Complaint. She was granted extensions to file an amended complaint on February 18, 2010, and April 13, 2010, to ensure she had adequate time to gather the necessary information to cure the defects. (C.D. 9,11). Her amended complaint did not remedy the defects. Thus, the Court finds that any further attempts to amend would be futile. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). As such, this case should be dismissed.

### B.   "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Ms. Humphrey fails to state a claim upon which relief may be granted.

### C.   Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV 09-00092-BU-SEH-RKS / PAGE 11

> financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). A complaint lacks an arguable basis in law if controlling authority requires "a holding that the facts as alleged fail to establish even an arguable claim as a matter of law." *Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990).

The facts Ms. Humphrey recites fail to establish even an arguable

claim because she does not identify a particular defendant who can be held responsible for her claims. Any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of this action, Ms. Humphrey SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Ms. Humphrey has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. Ms. Humphrey's Complaint should be **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and

enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Ms. Humphrey failed to state a claim upon which relief may be granted.

    4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain that Ms. Humphrey's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Humphrey may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions

of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of October, 2010.

>  */s/ Keith Strong*
> Keith Strong
> United States Magistrate Judge